UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERTO GUEVARA CHICAS<br>2014 Columbia Pike, Apt 8<br>Arlington VA 22201<br><br>and<br><br>JOSE VICENTE HERNANDEZ<br>6093 Argyle Drive, Apt. 2<br>Falls Church, VA 22041<br><br>On Behalf of Themselves and All<br>Others Similarly Situated<br><br>    Plaintiffs<br><br>    v.<br><br>PHO DELUXE ARLINGTON, INC.<br>Registered Agent:<br>Hue Kim Nguyen<br>2300 Clarendon Boulevard<br>Arlington VA 22201<br><br>PHO DELUXE TYSONS, INC.<br>Registered Agent:<br>Hue Kim Nguyen<br>1577 Spring Hill Road<br>Vienna, VA 22182<br><br>HUE KIM NGUYEN<br>3724 Hummer Road<br>Annandale, VA 22003<br><br>and<br><br>DAN D. NGUYEN<br>3724 Hummer Road<br>Annandale, VA 22003<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 1:18-cv-39-CMH/TCB<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

## COMPLAINT FOR FAILURE TO PAY OVERTIME WAGES

Plaintiffs ROBERTO GUEVARA CHICAS and JOSE VICENTE HERNANDEZ, by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Collective Action Complaint for Failure to Pay Overtime Wages against Defendants PHO DELUXE ARLINGTON, INC., PHO DELUXE TYSONS, INC., HUE KIM NGUYEN and DAN D. NGUYEN to recover unpaid overtime wages, other unlawful deductions, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA").

## PARTIES AND JURISDICTION

1. Plaintiffs ROBERTO GUEVARA CHICAS and JOSE VICENTE HERNANDEZ (hereinafter, "Plaintiffs") are adult residents of the Commonwealth of Virginia. By acting as the named Plaintiffs in this action, Plaintiffs hereby confirm their consent to participate as a Plaintiff in an action under the FLSA.

2. Defendant PHO DELUXE ARLINGTON, INC. corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Arlington County, Virginia.

3. Defendant PHO DELUXE TYSONS, INC. corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Fairfax County, Virginia.

4. Defendant HUE KIM NGUYEN is an owner and principal person who exerts control over corporate Defendants and is a resident of Fairfax County.

5. Defendant DAN D. NGUYEN is an owner and principal person who exerts control over corporate Defendants and is a resident of Fairfax County.

6. Defendants HUE KIM NGUYEN and DAN D. NGYUEN are husband and wife. They would both personally oversee the operations of both restaurants. Every day, with the exception of Sundays, Defendants HUE KIM NGUYEN and DAN D. NGUYEN would visit each restaurant for a couple of hours each day and oversee the minutiae of the operations.

7. Defendants jointly operate as an integrated enterprise, two different restaurants within this venue trading as PHO DELUXE located at 2300 Clarendon Boulevard in Arlington VA and PHO DELUXE 1577 Spring Hill Road in Vienna, VA. According to annual report records provided and prepared in 2015, 2016 and 2017 by the defendants signed by the defendants, both enterprises are operated by HUE KIM NGUYEN and DAN D. NGUYEN.

8. At all times relevant, the Defendants were Plaintiffs' "employer" for purposes of the FLSA.

9. At all times relevant, each Plaintiff worked as a cook, dishwasher and bus boy at the restaurants owned and operated by the Defendants.

10. At all times relevant, Defendants generated gross revenues exceeding Five Hundred Thousand Dollars ($500,000.00) and qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

11. At all times relevant, Plaintiffs and other employees of Defendants were individual employees who engaged in interstate commerce as set forth under 29 U.S.C. §§ 206-207.

12. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

13.     In July 2015 Defendants hired plaintiff ROBERTO GUEVARA CHICAS to work as a dishwasher and cook for the restaurant in Arlington, Virginia.  He worked six (6) days a week from 10:00 a.m. to 10:00 p.m. each day and was never afforded a break lasting longer than fifteen minutes.  According to his best recollection the only time he left work during the day was when he had to walk to Key Elementary School, which is a few blocks away, to pick up his children who then observed their father return to work while they waited inside the restaurant to be picked up by their mother.  Even when he was eating a small meal, if a customer walked in, which was often, he would have to stop eating his meal and immediately return to work.  On some occasions he was required to deliver food to customers in his own car by the Defendants, who refused to provide him any of the tips or compensation for use of his automobile.  After two weeks of doing these deliveries, he was given $27.00 in cash.  He was also required to bus tables, prepare tables and wash dishes.  It was very busy and he never had a break lasting more than a few minutes.  During this time, he was paid $480 a week; later he received $500 a week and later $510 to $520 a week.  This means his effective hourly rate was $8.50 an hour.  He worked for the Defendants under this arrangement until September 2017.  Accordingly, he is owed overtime premiums in the approximate amount of $85.00 for each week he worked for the Defendants.  He worked under this arrangement for a total of one hundred and fifteen (115) weeks and is owed unpaid overtime wages.

14.     In February 2016, Defendants hired plaintiff JOSE VICENTE HERNANDEZ to work as dishwasher and for the restaurant in Arlington, Virginia and then later worked in the Vienna, Virginia restaurant.  He worked six (6) days a week from 10:00 a.m. to 10:00 p.m. at the Arlington restaurant, and later on from 10:00 a.m. to 9:30 p.m. at the Vienna restaurant.  He was never afforded a break lasting longer than fifteen minutes.  JOSE VICENTE HERNANDEZ had

4

no chance for a break because his duties also included bussing all the tables, cooking all the soups and washing the dishes. There was no other employee performing these tasks except JOSE VICENTE HERNANDEZ. During this time, he was paid $475 a week. He was paid in cash only. He continued to work in this manner until the end of July 2016. Then plaintiff JOSE VICENTE HERNANDEZ left this job. On April 20, 2017 he was rehired to work in at the Vienna, Virginia restaurant performing the same functions and the same job this time for $500 a week in cash. On one occasion he was paid $600 for a week. On November 9, 2017, a particularly busy day at the restaurant, JOSE VICENTE HERNANDEZ was performing the tasks of three employees cooking, washing dishes and running food and bussing tables. A waitress noticed how hard he was working. This waitress gave JOSE VICENTE HERNANDEZ a $10.00 bill for his help in running food. When DAN D. NGUYEN discovered this, he asked about the $10.00 bill, and JOSE VICENTE HERNANDEZ turned it over to DAN D. NGUYEN. That was the last day he worked for the Defendants. He couldn't take it anymore. His effective hourly rate was $8.50 an hour. Accordingly, he is owed overtime premiums in the approximate amount of $85.00 for each week he worked for the Defendants. He worked under this arrangement for a total of fifty-four (54) weeks and is owed unpaid overtime wages.

15. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the federal overtime compensation requirement.

16. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make available at Defendants' places of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid by employers as required by federal law, including notification that the Department of Labor may

recover back wages on behalf of employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of federal law.

17. At all times during Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at the Defendants' place of business any poster or information that notified employees of the fact that federal law prohibits discrimination against, retaliation against or discharging workers who file a complaint or participate in any proceeding to recover unpaid or underpaid wages under federal law.

18. At all times during Plaintiffs' employment, Defendants explicitly and willfully misinformed each Plaintiff that Plaintiff was not entitled to be paid for overtime hours worked each week in excess of forty at the federally required overtime pay rate.

19. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

20. At all times, each Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. §207(a)(1), and Defendants were Plaintiffs' "employer" under FLSA, 29 U.S.C. § 207(a)(2).

21. Defendants, as Plaintiffs' employer, were obligated to compensate each Plaintiff at the overtime rate of one-and-one-half (1½) times his or her regular rate for all hours worked per week in excess of forty (40).

22. At all times, Defendants failed and refused to pay Plaintiffs at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

23.     At Defendants' command, and with Defendants' actual knowledge, Defendants suffered or permitted Plaintiffs to regularly work more than forty (40) hours per week.

24.     For all hours worked per week by Plaintiffs in excess of forty (40), Defendants paid Plaintiff no overtime wages or complete overtime wages, thereby violating the overtime requirements of the FLSA.

25.     An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

26.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

27.     The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

28.     The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages only where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 661-62 (4th Cir. 1969).

29.     The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

30.     Here, Defendants cannot demonstrate good faith and reasonable grounds for their failure to pay Plaintiffs overtime wages as required by the FLSA.

31.     Defendants can point to no authority or good faith basis they relied upon for their

failure to pay Plaintiffs the wages at the FLSA required rate for overtime hours worked each week.

32. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge of the FLSA overtime pay requirement.

33. On information and belief, at all times during Plaintiffs employment, Defendants had actual knowledge that Plaintiffs should have been paid one-and-one half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).

34. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the FLSA's overtime pay requirement.

35. Defendants' failure and refusal to pay Plaintiffs the proper wages for overtime hours worked as required by the FLSA was willful and intentional, and was not in good faith.

36. As a consequence of the foregoing, Plaintiffs will be entitled to payment of his or her attorney's fees and costs.

37. The FLSA provides that a court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

38. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

39. As a consequence of the foregoing, Plaintiffs are entitled to recover his or her reasonable attorney's fees and costs associated with the prosecution of this case.

40. This court has ruled that the Plaintiffs' counsel's rate of $425.00 an hour "is within the range of reasonable rates approved in the Fourth Circuit" and has approved this rate in a recent

award.  *Jo-Ann Brown, et al. v. Transurban Usa, Inc., et al.,* Case 1:15-cv-00494-JCC-MSN (September 29, 2016).

41. Plaintiffs are aware of several current and former employees of Defendants who are similarly situated in that they: (1) worked many hours for Defendants; (2) were not paid for the hours worked; (3) did not perform work which would qualify them as exempt from the minimum wage requirements of the FLSA; and (4) have not yet joined this lawsuit either because they do not yet have knowledge of their rights to overtime wage compensation.

42. Plaintiffs are pursing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals.

43. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

44. Common to Plaintiffs and all collective action class member is that each individual received wages from the Defendants at a rate less than what is required by the FLSA for overtime hours worked each week.

45. Specifically, Plaintiffs and each collective action class members are seeking the difference between the overtime compensation received and the FLSA required overtime rate and statutory damages under the FLSA.

46. In the present case, the number of collective action class members is believed to thirty former employees.

47. All class members should be clearly identifiable from the information and records which Defendants are required to keep under 29 C.F.R. § 516, the Employment Tax Recordkeeping requirements of the Internal Revenue Service and Code of Virginia § 58.1-102.

WHEREFORE, Defendants are liable, to each Plaintiff, and all other similarly-situated individuals, for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

                                                                                                Respectfully Submitted,
Plaintiffs
By Counsel

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Date: January 9, 2017

/s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Web: www.sutterandterpak.com
Counsel for Plaintiffs